# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ROBERT M. LEACH,
      Appellant,

      v.

DEPARTMENT OF COMMERCE,
      Agency.

DOCKET NUMBER
AT-0752-21-0199-I-1

DATE: April 2, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Georgia A. Lawrence, Esquire, and Shaun Southworth, Esquire, Atlanta, Georgia, for the appellant.

Christiann C. Burek, Esquire, and William T. Yon, Esquire, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which sustained the appellant's removal. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, except as to the findings pertaining to the appellant's sex discrimination claim, which we

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

AFFIRM, and REMAND the case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant was employed as a GS-13 International Trade Specialist with the International Trade Administration. Initial Appeal File (IAF), Tab 10 at 34. Effective December 19, 2020, the appellant was removed from Federal service based on the charge of conduct unbecoming, supported by 11 specifications of what the agency characterized as inappropriate telephone conversations and email messages with his supervisor, on three separate dates.[2] *Id.* at 34-42; IAF, Tab 11 at 7-16. He subsequently filed a Board appeal challenging the merits of his removal, and alleging disability and sex discrimination, as well as retaliation for protected activity.[3] IAF, Tab 1 at 5, Tab 17 at 5. After holding a hearing, the administrative judge sustained the agency's charge and denied the appellant's affirmative defenses of disability and sex discrimination. IAF, Tab 27, Initial Decision (ID). The administrative judge did not address the appellant's retaliation claim. ID.

The appellant has filed a petition for review alleging, in part, that the administrative judge erred because she "failed to consider the retaliatory nature of the interactions or even evaluate the reprisal affirmative defense[] that was

---

[2] The appellant was accused of, among other things, hanging up on his supervisor several times, raising his voice to her, and accusing her of lying and being lazy. IAF, Tab 11 at 12-16.

[3] In his initial appeal, the appellant also alleged age discrimination. IAF, Tab 1 at 5. However, the appellant, who was represented by counsel, did not include that affirmative defense in his prehearing submission. IAF, Tab 17 at 5. In her list of the issues set forth in the summary of the prehearing conference, the administrative judge did not mention the affirmative defense of age discrimination, and, despite being afforded the opportunity to do so and objecting to other matters, the appellant did not object to the administrative judge's exclusion of age discrimination. IAF, Tabs 23-24. On review, the appellant does not complain about the administrative judge's failure to adjudicate his age discrimination claim, and thus, we discern no basis to address the claim further. Petition for Review File, Tab 1.

raised." Petition for Review (PFR) File, Tab 1 at 5, 13-15. The agency responded in opposition to the petition for review. PFR File, Tab 3.

## ANALYSIS

In his initial appeal, the appellant alleged, among other things, that the agency "engaged in retaliation against protected claims." IAF, Tab 1 at 5. Thereafter, in his statement of issues in his prehearing submission, he asserted that one of the issues in the appeal was that "[t]he unlawful removal was [] a result of retaliation based [on his] engagement in protected activities (participatory and oppositional activities)." IAF, Tab 17 at 5. Despite the appellant's statements, in her prehearing conference summary, the administrative judge, without explanation, excluded retaliation from the issues raised by the appeal. IAF, Tab 23 at 3-12. The appellant then filed objections to the summary regarding affirmative defenses and complained about the analytical framework for claims of disability and sex discrimination, as well as retaliation. IAF, Tab 24 at 3. At the hearing, the appellant continued to raise his retaliation claim. *See generally* Hearing Record (HR). Nevertheless, the administrative judge did not address the retaliation claim in the initial decision. ID.

An adverse action is sustainable only if the appellant cannot establish his affirmative defenses. *Gath v. U.S. Postal Service*, 118 M.S.P.R. 124, ¶ 10 (2012); *Guzman v. Department of Veterans Affairs*, 114 M.S.P.R. 566, ¶ 10 (2010). On review, the appellant has argued that the conduct alleged in some of the specifications supporting the agency's charge is the protected activity that serves as the basis of his retaliation claim. PFR File, Tab 1 at 9-13. Accordingly, because the agency's charge and the appellant's retaliation claim are inextricably intertwined, it would be premature for the Board to consider the merits of the charge, or whether the agency established nexus or the reasonableness of the penalty, without making findings regarding the appellant's retaliation claim.

The administrative judge is in the best position to address the retaliation claim in the first instance. *Soto v. Department of Veterans Affairs*, 2022 MSPB 6, ¶ 19 (finding that the administrative judge, having heard the live testimony, is in the best position to conduct additional proceedings); *Bennett v. Department of Justice*, 119 M.S.P.R. 685, ¶ 11 (2013) (finding that the administrative judge was in the best position to resolve a factual question in the first instance); *Barnes v. U.S. Postal Service*, 49 M.S.P.R. 21, 26-27 (1991) (finding that the administrative judge was in the best position to make credibility findings and remanding the appeal for him to adjudicate the appellant's discrimination claim). Accordingly, we remand this appeal to the Atlanta Regional Office for the administrative judge to fully address the appellant's retaliation claim. On remand, the administrative judge must have the appellant clarify the precise nature of his retaliation claim.[4] The administrative judge must also determine whether the activity asserted by the appellant is protected, address the effect of those claims, if any, on this appeal, and may hold a supplemental hearing if she deems it necessary to adequately develop the record. The remand initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's conclusions of law and her legal reasoning, as well as the authorities on which that reasoning rests.[5] *Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980).

---

[4] Based on the record, it is unclear whether the basis of the appellant's retaliation claim is the conduct alleged in some of the specifications, as alleged in his petition for review, PFR File, Tab 1 at 9-13, and/or the appellant's reports of harassment, as the appellant testified to during the hearing, HR (testimony of the appellant).

[5] The appellant has not challenged the administrative judge's finding that he failed to establish that his sex was a motivating factor in the agency's action, and we see no reason to disturb this finding on review. In his petition, however, the appellant does argue that the administrative judge erred in finding that he had failed to prove his disability discrimination defense. After the administrative judge issued the initial decision in this appeal, the Board issued *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, clarifying the standards of proof applicable when adjudicating various affirmative defenses. Therefore, on remand, the administrative judge should reconsider the appellant's disability discrimination claim under the standard set out in *Pridgen*.

**ORDER**

For the reasons discussed above, we remand this case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD:           _____
                         Gina K. Grippando
                         Clerk of the Board
Washington, D.C.